■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALBERT SILEO, Appellant, against WALTER B. MARTIN, as Warden of Attica Prison, Respondent. — Motion to appeal on original papers and for other relief denied on the ground that the papers fail to show merit to the appeal.

## (January 22, 1958)

■ PETROSSI ASPHALT CORPORATION, Respondent, v. MARCELLO SCAGLIOLA, Appellant.— Order affirmed, without costs of this appeal to either party. Memorandum: The provision of the ex parte order of April 11, 1947 purporting to discontinue the action was plainly improper. We do not reach the question of whether the action was ever instituted by service of the summons and complaint, or whether the action should be deemed abandoned. All concur, Goldman, J., not participating. (Appeal from an order of Monroe County Court granting a motion by plaintiff to modify an ex parte order in 1947, which ex parte order discontinued the action.) Present — Kimball, J. P., Williams, Bastow, Goldman and Halpern, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM F. MARTIN, as Director of Public Welfare, Appellant, against EDWARD LEWIS WOOMER, Respondent.— Order reversed, without costs of this appeal to either party, and matter remitted to the Children's Court for further hearing in accordance with the memorandum. Memorandum: Upon this record, the Children's Court was not justified in requiring the mother and child to go to New York City for a blood-grouping test under section 126-a of the Domestic Relations Law, even though the expense was to be borne by the defendant. The court should fully explore: (1) the availability of a physician in Rochester competent and willing to make a complete blood-grouping test; (2) the feasibility of a Rochester physician's taking samples of blood from the parties and transmitting them to an out-of-town expert; (3) the availability of a physician competent and willing to make the test in other cities in up-State New York, notably in Buffalo, if there is none available in Rochester (cf. Schatkin on Disputed Paternity Proceedings [3d ed.], pp. 211–216). The reluctance of local physicians to undertake this work seems to be due, at least in part, to their unwillingness to appear personally in court to be examined with respect to their reports. In this case, the attorneys for both parties stipulated in open court, upon the argument of this appeal, that the report of a competent physician would be accepted without requiring him to appear personally for examination. All concur. (Appeal by the Director of Public Welfare from an order of Monroe Children's Court requiring complainant, the defendant and the alleged child of the parties to submit to one or more blood-group tests by one Dr. Sussman at his office in New York City.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ In the Matter of LITTNER SODERSTROM, Petitioner, against NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determination confirmed, without costs. All concur. (Review of the action of the State Liquor Authority which suspended petitioner's restaurant liquor license.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.